560                SAN FRANCISCO v. DOE.                [Sup. Ct.

[No. 4,110.]
# THE PEOPLE OF THE CITY AND COUNTY OF SAN FRANCISCO, v. BARTLETT DOE AND J. S. DOE.

COMPLAINT FOR STREET ASSESSMENT.—The complaint, in an action to enforce
a lien for a street assessment in San Francisco, must aver that the de-
fendants are the owners of, or have some interest in the land sought to
be charged with the alleged lien.

APPEAL from the District Court, Twelfth Judicial District,
City and County of San Francisco.

Action to enforce an alleged lien on a lot in San Fran-
cisco, for the improvement of the street on which the lot
fronted. The complaint failed to aver that the defendants
owned, or had any interest in the lot, or that the assess-
ment was against them; but alleged that the assessment was
against the lot. The defendants demurred to the complaint;
the Court sustained the demurrer, and the plaintiff declin-
ing to amend, judgment was rendered for the defendants.
The plaintiff appealed.

*W. C. Burnett* and *E. F. Preston,* for the Appellant.

The complaint is drawn in conformity with the provisions
of the statute. Statute 1869-70 (Sec. 9, p. 899) providing
the form of the complaint in this class of actions. Let us
examine the requirements of the statute, and compare the
allegations of the complaint therewith:

" In bringing an action to recover street assessments,
the complaint need not show any of the proceedings prior
to the issuance of the assessment diagram and certificate,
but it shall be held legally sufficient if it shows the title of
the Court in which the action is brought; the parties
plaintiff and defendant;" " the date of the issuance of the
assessment;" " the date of the recording thereof;" " the
book and page where recorded;" " a general statement of the
work done;" " a description of the lot or lots sought to be
charged with the assessment;" " the amount assessed
thereon;" " that the same remains unpaid," " and the
proper prayer for relief."

*Theodore H. Hittel,* for the Respondents.

The only ground upon which appellant relies for a reversal of the judgment is, "that every requirement of the law is answered by the allegations of the complaint." Our reply is twofold:

1st. That the complaint is not sufficient under the statute; and,

2d. That if the statute authorized such a complaint it would be unconstitutional.

The law under which the suit was commenced (Stats. 1869–70, 898, Sec. 9) provides that actions for the collection of delinquent street assessments shall be brought ·in the name of The People of the City and County, etc., "and against the owners and all persons having any interest therein;" in other words, it prescribes who the parties, plaintiff and defendant, are to be. It also requires the complaint, among other things, "to show the parties plaintiff and defendant,"—that is, as we contend, to show by proper averments who are the owners and parties interested. Such, and such only, can, under the statute, be parties defendant, and such the statute expressly requires to be "shown."

The complaint here professes in the caption to be against "Bartlett Doe and J. S. Doe *et al.*," and in the body to be against "defendants Bartlett Doe and J. S. Doe." There is no allegation that they or either of them own the property, or have or ever had any interest in it.

By the Court.

We think that in proceedings to recover upon a street assessment, it is necessary that the complaint should allege that the defendants are the owners, or have some interest in the premises sought to be charged with the alleged lien. By the thirteenth section of the Act, it is expressly provided in terms that actions for the collection of any delinquent street assessment shall be brought 　 * 　 * 　 * "against the owners and all persons having any interest

therein;" and unless the defendants are alleged to be persons of that character, there would appear to be no reason to implead them as defendants, and no authority to enforce the lien in the absence of the real parties in interest.

Judgment affirmed.