[No. 5,807.]

## DIGGINS *v.* REAY.

PRACTICE—PARTIES.—In an action to enforce a street assessment, judgment was entered against all the defendants except one. who had not been served with process, and who was alleged in the complaint to be interested. *Held*, that the judgment was erroneous; 1st, because the case had not been disposed of as to the defendant not served; and 2ndly, because, in such a case as this, the statute gives no authority for a decree enforcing the lien, in the absence of any of the parties interested.

APPEAL from a judgment for the plaintiff, in the Third Dis-
trict Court, City and County of San Francisco. McKEE, J.

The facts are stated in the opinion.

*E. A. Lawrence*, for Appellant.

*J. M. Wood*, for Respondent.

Department No. 2, THORNTON, J.:

This is an action to enforce a street assessment. The appeal
is prosecuted by the defendant from the judgment.

The action was brought against Joseph W. Reay and Joseph
Reay, who, with several other persons named as defendants,
were alleged to have been at the time the assessment was made,
and still continued to be when the action was commenced, the
owners in fee of the lot of land assessed. It does not appear
from the transcript which contains the judgment roll, that Jo-
seph Reay was ever served with summons, or appeared in the
case in person, or by attorney.

Neither does it appear from the record that any disposition
of the case was made as to Joseph Reay. The judgment is
against the other defendants. Joseph Reay's name is not men-
tioned in it.

It is contended on behalf of the appellants that the judgment
should be reversed, because the case has not been disposed of
as to the person above mentioned. We think the point is well
taken.

Further, it is held in *Hancock* v. *Bowman*, 49 Cal. 413, which
was an action to enforce a street assessment, that the statute
gives no authority for a decree enforcing the lien, in the ab-
sence of one of the parties in interest. The statute under
which the lien herein is alleged to exist, is the same as to par-
ties as that construed in *Hancock* v. *Bowman*.

Joseph Reay is alleged here to be one of the parties who
owned the land on which the assessment was levied, and in ac-
cordance with the rule as declared in *Hancock* v. *Bowman*, he

should have been served with summons, and brought before the Court as a party.

There is no other error in the record, but the foregoing considerations bring us to the conclusion that the judgment must be reversed. So ordered.

SHARPSTEIN, J., and MYRICK, J., concurred.