[No. 6,580.—Department Two.]

## D. HARNEY v. J. H. APPELGATE ET AL.

| 57 | 205 |
| 87 | 13 |

STREET ASSESSMENT — PARTIES — AMENDMENT — PRACTICE.—In an action to enforce a street assessment against a lot in San Francisco, it appeared from the original complaint that all the defendants were joint owners of the lot, and, as such, necessary parties to the suit; but when the case was called for trial, the action was dismissed, on motion of the plaintiff, as to some of the defendants, and the complaint amended by striking their names from its caption. *Held*, that if the effect of the amendment was to show that the dismissed defendants had no interest in the lot, then it was the right of the remaining defendants to amend their answer, and aver that the dismissed defendants did have an interest in the lot.

APPEAL from a judgment, and order denying a new trial, in the Twenty-third District Court, City and County of San Francisco. THORNTON, J.

*B. S. Brooks*, and *William Leviston*, for Appellants.

This is an action *in rem*, and all the owners must be made parties, and the allegation of ownership is material. (*People v. Doe*, 48 Cal. 560 ; *Hancock* v. *Bowman*, 49 id. 413; *Clark* v. *Porter*, 53 id. 409; *Diggins* v. *Reay*, 54 id. 525; § 13 of the Street Assessment Act; § 382, Code Civ. Proc.)

The mere striking out of the names in the caption of the original complaint did not alter the allegation in the complaint, that the said defendants (referring to those originally named in the complaint) were the owners of the premises described in the complaint.

*J. M. Wood*, for Respondent.

MORRISON, C. J.:

Plaintiff brought suit against a large number of defendants, to enforce a lien for work done by him upon a certain street in the city and county of San Francisco.

The averment in the complaint, respecting the ownership of the property sought to be charged with the lien, is as follows : "That the said defendants, at and during all the time of taking the aforementioned proceedings, and particularly on the 29th day of October, 1875, were, and still continue to be, the owners

of certain portions of the lots and lands aforesaid assessed, and liable to assessment as aforesaid, for the work so done as aforesaid; that is to say, all the defendants now are, and on the day last aforestated were, and ever since then have been, the owners in fee of the following-described lot of land situate in the said city and county, adjacent to said work, and liable to assessment for its proportion of the cost of the same, to wit:" (Here follows a description of the property upon which the lien is claimed.)

When the case was called for trial in the District Court, counsel who represented some of the defendants suggested that the Court had not obtained jurisdiction over the defendants Lawrence, Appelgate, and others, and moved the Court to continue the case until they were brought in. Counsel for the plaintiff thereupon moved for leave to dismiss as to said defendants Lawrence, Appelgate, and others, and that the complaint be amended by *striking out in the caption* thereof the names of said defendants. Counsel for some of the defendants then before the Court thereupon objected, on the ground that the defendants Lawrence, Appelgate, and others were alleged in the complaint to be owners of the property on which the lien was sought to be foreclosed, and were necessary parties to the suit. The Court granted the motion to dismiss the suit as to said parties, and allowed the amendment. The complaint was thereupon amended, and exception duly taken.

Counsel for said defendants then asked leave to answer the complaint as amended, and to amend their answer by setting up that said parties, as to whom said suit had been so dismissed, were owners of the premises on which the lien was sought to be foreclosed, and therefore necessary and material parties.

The Court—"I will require a showing."

Counsel—"I ask time to make a showing."

The Court refused to give time, and refused to grant time to amend their answer, to which defendants duly excepted.

The Court thereupon proceeded to try the case, and rendered judgment in favor of the plaintiff, and against all the defendants not dismissed from the action.

It is not necessary for us to determine the question whether

the mode of amending a complaint which was pursued in this case, by simply striking the names of some of the defendants from the caption of the complaint, is a proper practice, or to pass upon the other question raised, whether the defendants were entitled to service of a copy of the complaint as amended, for the reason that there is another ground upon which the judgment of the Court below must be reversed.

By the complaint, it appears that Lawrence, Appelgate, and others were joint owners of the lot, and, as such, they were necessary parties to the suit.

In the case of *Clark* v. *Porter*, 53 Cal. 409, the Court says: "It is alleged in the complaint, that the defendant Porter, and several other persons who are made defendants, are the owners of the lot charged with the lien of the assessment; and the allegation is not denied by the answer of the respondent Porter. At the hearing, the plaintiff, against the objection of Porter, dismissed the action as to all of the defendants except Porter, and the Court gave judgment against Porter alone, without amendment of the complaint. This was error. The thirteenth section of the Act, as amended in 1870, provides that the action shall be brought against the owners and all persons having an interest in the property sought to be charged. It was not contemplated by the statute that the interest of only one, or of any number less than all, of the joint owners of the property should be subjected to sale for the satisfaction of the lien of the assessment."

In the more recent case of *Diggins* v. *Reay*, 54 Cal. 525, the Court announced the same doctrine. In that case, Mr. Justice THORNTON, delivering the opinion of the Court, says: "That the statute gives no authority for a decree enforcing the lien (street assessment) in the absence of one of the parties in interest."

In the case we are now considering, the defendants were informed by the complaint, that Lawrence, Appelgate, and others were interested, as tenants in common or otherwise, in the lot sought to be charged with the lien, and they had a right to have such interest contribute its due proportion to the payment of any judgment the plaintiff might obtain.

If by the amendment made at the hearing of the cause it was made to appear by the complaint that they did not have any interest in the lot, it was the right of the defendants to amend

their answer, so as to bring the fact that they had an interest before the Court, and to urge it as a reason why some of the parties interested should not be proceeded against to judgment, until all the parties interested in the property were brought into the case.

Judgment and order reversed.

MYRICK, J., concurred.

THORNTON, J., concurred in the judgment.