[No. 6,662.—Department Two.]

## E. WHITING v. J. B. TOWNSEND ET AL.

STREET ASSESSMENT—COMPLAINT—PLEADING—LEGISLATIVE POWER—JUDICIAL POWER.—The matter of pleadings is a proper subject for legislative regulation; *held*, accordingly, that that portion of the Act of the Legislature of April 1st, 1872, prescribing the contents of complaints for the recovery of street assessments, is valid.

ID.—RESOLUTION OF INTENTION.—A resolution of intention under said act, describing the work to be done, is not rendered uncertain by the provision, "except that portion required by law to be kept in order by the railroad company having its tracks thereon."

ID.—DEMAND.—A demand for the payment of a street assessment under said act is unnecessary where the property is assessed to unknown owners.

ID.—AFFIDAVIT—EVIDENCE—AGENCY.—The affidavit of the person making demand for such payment is *prima facie* evidence that he was the agent of the contractor.

ID.—BENEFIT.—In an action to recover an assessment under said act, it is immaterial whether the lot sought to be charged was benefited by the work done.

ID.—FINDINGS.—To sustain such action it is sufficient to show that the defendants were the owners in fee of the land, without regard to the particular undivided interest claimed by a defendant in his answer.

APPEAL from a judgment for the plaintiff, and an order denying a new trial, in the Fourth District Court, City and County of San Francisco. MORRISON, J.

The defendant Townsend appealed. After the decision, the appellants filed their petition that the appeal be reheard in Bank, and the application was denied.

*James B. Townsend* in proper person, for Appellant.

The Legislature of California cannot exercise judicial functions. It is exclusively a judicial function to determine what facts must exist and be averred in a complaint to render it " legally sufficient " to entitle a plaintiff to relief under the existing law. This judicial function cannot be exercised by the Legislature, as attempted in § 13 of said San Francisco street law of April 1st, 1872, though disguised under the name of a law. (Cal. (old) Const. art. iii; art. vi, § 1; *Ogden* v. *Blackledge,* 2 Cranch, 276, 277; *Lane* v. *Dorman,* 3 Scam. (Ill.) 238, 241, 242; *Woart* v. *Winnick,* 3 N. H. 477; *Holder* v. *James, Adr.* 11 Mass. 402, 406; *Bates* v. *Kimball,* 2 Chip. D. 84, 90; *Lewis* v. *Webb,* 3 Greenl. 331–334; *Merrill* v. *Sherburne,* 1 N. H. 203, 204; *Fletcher* v. *Peck,* 6 Cranch, 136.)

The resolution of intention (which was put in evidence by the defendants) was insufficient as a notice to property owners of how much and what portion of Larkin street was intended to be planked. The words in the resolution, except that portion required by law to be kept in order by the railroad company having tracks thereon, destroys all certainty as to the particular portion which the board intends to plank at the expense of property .owners. The board personally or through their legal adviser must solve questions of law as to the portion required to be kept in order by any railroad company having tracks thereon, and which they propose to except, and must in such notice to property owners specify the portion of said street which they do, or which they do not, intend so to plank. They cannot by such notice leave the fact as to what portion of the street they intend so to improve dependant upon an unsolved question of law.

The return upon said warrant states only that said Boyle is the agent of said Whiting, viz., Nov. 14th, 1874; not that he was such agent at the time of making the demand therein stated, viz., Nov. 6th, 1874.

No part of the value of a citizen's lot, not enhanced by a street improvement made in its vicinity, can be constitutionally taken by a municipality and appropriated to the public use of defraying the expense of such improvement, unless by an as-

sessment which is equal and uniform upon the like property of all the citizens of such municipality. (Cal. (old) Const. art. xi, § 13; art. iv, § 37; Cal. (new) Const. art. xi, § 12, 13, 15; *Burnet* v. *Sacramento*, 12 Cal. 83, 84; *McCauley* v. *Weller*, 12 id. 528, 529; *Bensley* v. *M. L. W. Co.* 13 id. 315, 316; *Creighton* v. *Manson*, 27 id. 621–624; *Emery* v. *S. F. Gas Co.* 28 id. 356, 357, 362, 363; *Emery* v. *Bradford*, 29 id. 95, 96; *Taylor* v. *Palmer*, 31 id. 254–256; *Appeal of Piper*, 32 id. 530; *Matter of Mayor of N. Y.* 11 Johns. 80; *Matter of Fourth Avenue*, 3 Wend. 452–454; *Canal Bank* v. *Mayor of Albany*, 9 id. 256, 257; *In the matter of Albany Street*, 11 id. 153; *In the matter of Canal Street*, 11 id. 155; *In the matter of William and Anthony Streets*, 19 id. 681, 682; *Sharp* v. *Spier*, 4 Hill, 82, 83; *In the matter of Flatbush Avenue*, 1 Barb. 293.)

*C. H. Parker*, for Respondent.

The affidavit of Boyle was sufficient proof of demand; and the failure to find upon the affirmative matter of defendant's answer is immaterial.

MORRISON, C. J.:

This action was brought to enforce a lien for planking Larkin street from Tyler to McAllister (except that portion required by law to be kept in order by the railroad company having tracks thereon), and for reconstructing the sidewalks on said street. Plaintiff had judgment in the Court below. Defendant moved for a new trial, which was denied, and this appeal is taken from the judgment, and also from the order denying the motion for a new trial.

The first objection we will notice is to the sufficiency of the complaint. The pleading on behalf of the plaintiff in this proceedings is regulated by § 13 of the Act of April 1st, 1872, and it is therein provided what facts the complaint must contain. The complaint in this case was sufficient, under that section of the statute, and must be so treated by the Court. It is claimed that when the Legislature undertook to provide a rule of pleading for this class of cases, it usurped judicial functions, and the act is therefore void. We cannot concur in this con-

clusion. All the rules of pleading in this State are prescribed by legislative acts. The Code of Civil Procedure determines what facts shall be stated in a complaint, and how they shall be stated; what objections may be taken by demurrer, and how they shall be taken; and if not taken, the Code provides that many, indeed nearly all, of the enumerated objections shall be waived. It is unnecessary to enlarge upon this point in the case. The matter of pleadings, it must be conceded, is a proper subject for legislative regulation.

The second point relates to the resolution of intention. It is claimed, on behalf of the appellant, that the words "except that portion required by law to be kept in order by the railroad company having tracks thereon," destroys all certainty as to the particular portion which the board intended should be planked at the expense of the property owners. The statute imposes upon a railroad company having its track upon a street of a city the obligation " to plank, pave, or macadamize the entire length of the street used by its track, between the rails, and for two feet on each side thereof, and between the tracks, if there be more than one, and to keep the same constantly in repair, flush with the street, and make good crossings." (Civ. Code, § 498.) This is the requirement of a general statute, of which the Court was required to take judicial notice, and of which every citizen is presumed *conclusively* to have knowledge. The meaning of the exception would not, therefore, have been rendered more certain if this provision of the Code had been incorporated in it. The rule " *certum est quod certum reddi potest* " is plainly applicable here.

The third point relates to the sufficiency of the demand. It is claimed that the demand was made upon a person who was only twelve or fifteen years of age, and that it should have been made upon an adult member of the family. The property in question was assessed to an *unknown* owner, and no personal demand was required. Section 11 of the act provides that " whenever the persons so assessed or their agents cannot conveniently be found, or whenever the name of the owner of the lot is stated as 'unknown' on the assessment, then the said contractor, or his assigns, or some person in his or their behalf, shall publicly demand payment on the premises assessed."

The return upon the warrant shows that this was done, and that was held sufficient by the late Supreme Court. (*Himmelmann* v. *Hoadley*, 44 Cal. 213.)

The fourth objection is, that it does not appear that Boyle, who made the demand, was the agent of the plaintiff. Boyle states positively in his affidavit that he was such agent, and there was no evidence on the trial to the contrary

In the fifth place, it is claimed that the Court below erred in excluding evidence offered in behalf of the defendant, that the lot owned in whole or in part by him was not increased in value by the work done upon the street. We are not aware of any principle of law upon which such evidence could have been considered by the Court, and in our opinion the authorities referred to by the learned counsel for the appellant fails to establish the proposition contended for by him. The act provides that the expenses incurred by the work should be assessed upon the lots and lands fronting thereon, each lot or portion of lot being separately assessed in proportion to its frontage, at a rate per foot sufficient in the whole to cover the total expense of the work. This is, perhaps, the most uniform and the least objectionable mode of assessing the property that could be adopted, and the provisions of the statute have been carried out and enforced in cases almost too numerous to mention. (See *Chambers* v. *Satterlee*, 40 Cal. 497; *Burnett* v. *Mayor and Common Council of the City of Sacramento*, 12 id. 76; *People* v. *Lynch*, 51 id. 15; *Lansing* v. *Smith*, 8 Cowen, 146; Dill. on Mun. Cor. §§ 543, 782.) .

The last point in the case is, that there is no finding upon the eleventh defense set up in the answer. That defense is, that at the time of making the assessment mentioned in the complaint, and ever since that time, he, Townsend, was and has been the owner of an undivided half of the lot of land described in the complaint, and no more, and that he does not hold the same in joint tenancy, coparcenary, or joint ownership with any of the other defendants, and he prays that if a judgment be entered against him, that it may be a separate judgment. The finding of the Court below was, that the defendants were the owners in fee of the land at the time the assessment was made, and at the date of the commencement of the action. This is a sufficient

finding upon the question of ownership. It was not necessary to inquire into or determine the respective rights of the defendants, and a finding that the defendant Townsend owned but an undivided half of the lot, as averred in his answer, could have subserved no useful purpose. The judgment was for the *whole amount* assessed upon the *entire lot*, and could not have been in any other form. The *whole lot* was liable for the *entire assessment*, and no particular part of it was liable for any particular portion of the assessment. The statute requires that the owners of the land, lot, or portion of lot assessed, shall be sued, and there is nothing in the law which requires the plaintiff to specify in his complaint what is the individual interest of each owner or defendant.

There is no other question in the case which we deem it necessary to examine, and no error appearing in the transcript, the judgment and order are affirmed.

MYRICK, J., and THORNTON, J., concurred.