[No. 7,184.—Department Two.]
April 4, 1882.

## C. H. PARKER *v.* LUDWIG ALTSCHUL ET AL.

PRESUMPTIONS IN FAVOR OF JUDGMENT—ACTION ON STREET ASSESSMENT—DISMISSAL OF PARTIES DEFENDANT.—A decree for the plaintiff in an action to foreclose a lien for street assessments, recited that the action was dismissed as to some of the defendants. The defendant appealed upon the judgment roll.

*Held:* All presumptions are in favor of the correctness of the proceedings of Courts of general jurisdiction, and as the consent of the defendants

would have justified the order, we must presume that such consent was given, there being nothing in the record to show that it was not.

ID.—ID.—ID.—CASES DISTINGUISHED.—*Clark* v. *Porter*, 53 Cal. 409; *Diggins* v. *Reay*, 54 Id. 525; *Harney* v. *Applegate*, 57 Id. 205; *Tobleman* v. *Roper*, 7 P. C. L. J. 56; distinguished.

APPEAL by defendant Elizabeth McGrath from a judgment for the plaintiff in the Fourth District Court of the City and County of San Francisco. MORRISON, J.

A petition for hearing in bank was filed in this case after judgment and denied.

*E. A. Lawrence,* for Appellant.

The judgment is erroneous because not entered against all of the owners. The complaint should have been amended so as to show that the persons dismissed were not owners. (*Clark* v. *Porter,* 53 Cal. 409; *Harney* v. *Applegate,* 57 Id. 205; *Diggins* v. *Reay,* 54 Id. 525; *Tobleman* v. *Roper,* 7 Id. 561.)

*John J. Roche,* for Respondent.

No brief on file for Respondent.

The COURT:

The decree recites that the action was dismissed as to some of the defendants. If any of the other defendants had objected to such dismissal, it would seem upon the authority of *Clark* v. *Porter,* 53 Cal. 409; *Diggins* v. *Reay,* 54 Cal. 525; *Harney* v. *Applegate,* 57 Cal. 205; *Tobleman* v. *Roper,* 7 P. C. L. J. 561, that the objection would have been well taken. But for anything appearing to the contrary such dismissal may have been consented to by the appellant.

All presumptions are in favor of the correctness of the proceedings of courts of general jurisdiction, and as the consent of the defendants would have justified the order of the Court, we must presume that such consent was given, there being nothing in the record to show that it was not.

Judgment affirmed.