[Department One.— May 30, 1883.]

S. DRISCOLL, RESPONDENT, *v.* THOMAS B. HOWARD, APPELLANT.

STREET ASSESSMENT—FORECLOSURE OF LIEN. — Where an action to enforce the lien of a street assessment is against two or more owners, no decree can be entered after a dismissal as to one of the defendants. All the owners must be before the court.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are sufficiently stated in the opinion of the court.

*Jarboe & Harrison,* for Appellants.

A decree cannot be rendered in an action to foreclose the lien of a street assessment, unless all of the parties interested in the lot are before the court. (*People* v. *Doe,* 48 Cal. 560; *Hancock* v. *Bowman,* 49 Cal. 413; *Clark* v. *Porter,* 53 Cal. 409; *Diggins* v. *Reay,* 54 Cal. 525; *Harney* v. *Appelgate,* 57 Cal. 205.)

*C. H. Parker,* for Respondents.

The plaintiff complied with the doctrine laid down in *People* v. *Doe.* There is no question of pleading in this case.

In *Hancock* v. *Bowman,* the plaintiff took judgment against a defendant not *served* or *dismissed.* This is not that case.

In *Clark* v. *Porter,* a defendant was dismissed *against the objection* of a *co-defendant,* and the latter was not allowed to plead the necessity of a joinder of said defendant as one of the owners. This is not that case.

Here the appellant, for aught that appears of record, had the opportunity to set up the non-joinder of the wife.

*Harney* v. *Appelgate* has no application to this case. No *similar* question arises here.

In *Diggins* v. *Reay* the case shows that no *disposition* was made as to one defendant.

That is not this case; as here, the wife of appellant was dismissed, which fact is shown in the judgment, p. 7 of the transcript.

Nothing in the record appearing to the contrary, the *presumption* is, that the dismissal was proper.

By the COURT.—The action was brought to enforce the alleged lien of a street assessment. The action was brought against Thomas B. Howard and Mary T. B. Howard as defendants. The complaint avers "that said defendants are the owners in fee of said described land, and in possession of and claiming to own the same, and exercising acts of ownership over

the same. That the legal title of said land appears by deeds recorded in the recorder's office of said city and county to be in defendants." The action was *dismissed* by plaintiff as to defendant Mary T. B. Howard. Upon the default of the defendant Thomas B. Howard, judgment was rendered against him and for a sale of the premises. From such judgment the defendant, Thomas B., appeals.

The original complaint was not amended. From the judgment roll it appears that the land being owned in fee by Thomas B. and Mary T. B. Howard, a decree for the sale of the premises was entered against the sole defendant Thomas B. Howard. But a decree cannot be entered in an action to foreclose the lien of a street assessment, unless all the owners of the lot are before the court. (*People* v. *Doe*, 48 Cal. 560; *Hancock* v. *Bowman*, 49 Cal. 413; *Clark* v. *Porter*, 53 Cal. 409; *Diggins* v. *Reay*, 54 Cal. 525; *Harney* v. *Appelgate*, 57 Cal. 205.)

Judgment reversed and cause remanded for further proceedings.