[No. 12900.   Department Two. — December 11, 1890.]

R. A. ROBINSON, APPELLANT, *v.* J. C. MERRILL ET AL., RESPONDENTS.

STREET ASSESSMENT — FORECLOSURE OF LIEN — NECESSARY PARTIES. — In an action to foreclose a street assessment upon a specific tract of land in the city and county of San Francisco, under the act of 1871–72, all of the owners of the property assessed must be made parties defendant, and the lien cannot be enforced against any of the owners, in the absence of another owner who is not joined as a defendant.

ID. — BURDEN OF PROOF — PLEADING — ISSUE AS TO OWNERSHIP — NEW MATTER. — The burden of proof that the defendants sued in such action are the owners of the land is upon the plaintiff, where such ownership is denied by the defendants; and an answer alleging that another person, not sued, owns an undivided interest in the land is in legal effect merely a denial of the averment of the complaint as to ownership by the defendants, and is not an averment of new matter casting the burden of proof upon the defendants.

APPEAL from an order of the Superior Court of the city and county of San Francisco denying a new trial.

The facts are stated in the opinion.

*J. M. Wood*, and *J. C. Bates*, for Appellant.

*George B. Merrill*, for Respondents.

BELCHER, C. C.—This action was brought to foreclose a street-assessment lien upon a lot of land in the city and

county of San Francisco. The original complaint was filed in November, 1877, and an amended complaint in March, 1887. The court below gave judgment for the defendants, and the plaintiff appeals from an order denying his motion for a new trial.

The complaint alleged, among other things, that the defendants were the owners of the property assessed. The answer denied this averment, and alleged that "at all the times and dates of the proceedings set forth in the complaint, and particularly on the twenty-first day of May, 1877, the defendant J. C. Merrill and one Moses Ellis, who is not made a party defendant in this action, were the owners in common each of one half part undivided of the land mentioned in said complaint."

At the trial, the plaintiff offered and read in evidence the original contract, assessment, diagram, and warrant, and affidavit of demand thereto annexed, together with the indorsements thereon, showing the due recording of all the papers, and also a deed of J. C. Merrill, by the sheriff of San Francisco, conveying all the undivided one half part of the land in question to his co-defendant, the Hibernia Savings and Loan Society, on the ninth day of July, 1881, which was recorded on the eleventh day of the same month. The plaintiff then rested his case, and the defendants offered no evidence.

The court found that all the allegations of the complaint were true, except as to the ownership of the land, and as to that, "that the defendants were not the owners of said land on the twenty-first day of May, 1877, as alleged in said amended complaint, or at any other time," and as a conclusion of law, that the plaintiff was not entitled to a judgment and decree in his favor, but that defendants were entitled to judgment for their costs.

To maintain his action, it was necessary that the plaintiff make all the owners of the property assessed parties defendant. (*Hancock* v. *Bowman*, 49 Cal. 413;

*Clark* v. *Porter*, 53 Cal. 409; *Diggins* v. *Reay*, 54 Cal. 525; *Harney* v. *Appelgate*, 57 Cal. 205.)

Whether the defendants were such owners or not was an issue distinctly raised by the answer, and the only question is, On which side was the burden of proof upon this issue? Counsel for appellant contend that the burden was on the defendants to show that they were not the owners of the property, but that Merrill and Ellis were, as alleged in the answer. In support of their contention, counsel cite section 13 of the act, under which the proceedings were taken (Stats. 1871–72, p. 816), declaring what shall constitute a sufficient complaint, and section 17, declaring who are to be regarded and treated as owners, and also the case of *Whiting* v. *Townsend*, 57 Cal. 515.

The portions of the sections cited read as follows: —

Sec. 13. "In bringing an action to recover street assessments, the complaint need not show any of the proceedings prior to the issuance of the assessment, diagram, and certificate; but it shall be held legally sufficient if it shows the title of the court in which the action is brought by the parties plaintiff and defendant, the date of the issuance of the assessment, the date of the recording thereof, the book and page where recorded, a general statement of the work done, a description of the lot or lots sought to be charged with the assessments, the amount assessed thereon, that the same remains unpaid, and the proper prayer for relief."

Sec. 17. "The person owning the fee, or the person in the possession of lands, lots, or portions of lots, or buildings, under claim of ownership, or exercising acts of ownership over the same for himself, or as the administrator or guardian of the owner, or the person in whom, on the day the action is commenced, appears the legal title to the land, by deeds recorded in the recorder's office in the city and county of San Francisco, shall be regarded, treated, and deemed to be the owner (for the purposes of

this law), according to the intent and meaning of that word as used in this act."

In *Whiting* v. *Townsend*, 57 Cal. 515, it was held that the complaint was sufficient under section 13 of the statute, but there was no suggestion or intimation that all of the owners need not be joined as defendants; on the contrary, the court, on page 519, said: "The finding of the court below was, that the defendants were the owners in fee of the land at the time the assessment was made, and at the date of the commencement of the action. This is a sufficient finding upon the question of ownership. . . . . The *whole lot* was liable for the *entire assessment,* and no particular part of it was liable for any particular portion of the assessment. The statute requires that the owners of the land, lot, or portion of lot, assessed, shall be sued," etc.

In the sections and case above cited we see nothing to sustain the theory of appellant. His complaint undoubtedly complied with the provisions quoted from section 13, but it does not follow because this is so that the necessary parties were made defendants. In a case of this kind the owners of the property assessed, or their representatives, on the day when the action is commenced, must be sued, or the action must fail. Whether the defendants were such owners or not was therefore an issuable fact, and the burden of establishing, by competent proofs, the affirmative of the issue was clearly cast upon the plaintiff. He offered no evidence upon the subject, and his theory seems to have been that the averment in the answer that Merrill and Ellis were the owners was new matter, which relieved him of the burden and cast it upon the defendants. This theory, however, is untenable. The averment referred to was not new matter, but was in legal effect merely a denial of the averment of the complaint as to ownership. (*Goddard* v. *Fulton*, 21 Cal. 436.)

The appellant also says in his brief: "The Hibernia

Savings and Loan Society was the owner of one half, and why not be compelled to pay a half at any rate?" A full answer to this query is found in the cases above cited. In *Clark* v. *Porter*, 53 Cal. 409, and *Diggins* v. *Reay*, 54 Cal. 525, it was distinctly held that in such a case as this, the statute gives no authority for a decree enforcing the lien, in the absence of any of the parties interested.

We advise that the order appealed from be affirmed.

HAYNE, C., and FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the order appealed from is affirmed.