[15028. Department One. — July 10, 1893.]

## SHELDON GRAY, APPELLANT, *v.* PHILIP G. GALPIN, EXECUTOR, ETC., ET AL., RESPONDENTS.

FRAUD — PRESUMPTION — BURDEN OF PROOF. — Fraud must be specifically charged; it cannot be presumed, and the burden of proof is upon him who alleges it.

ID. — RELATIONSHIP OF PARTIES. — The mere fact of relationship between the parties to a transfer cannot be resorted to as a badge of fraud, where the conduct of the party receiving the transfer is consistent with fairness and honesty.

ID. — FRAUD UPON CREDITORS — TRANSFER OF CHATTEL MORTGAGE — INSUFFICIENCY OF EVIDENCE. — The evidence reviewed, and held insufficient to sustain a finding that the transfer of a chattel mortgage was made for the purpose of defrauding the creditors of the mortgagor.

APPEAL from an order of the Superior Court of the City and County of San Francisco refusing a new trial.

The facts are stated in the opinion of the court.

*P. Reddy,* and *W. H. Metson,* for Appellant.

Fraud is never presumed. It must be clearly proved. (*Mc-Carthy* v. *White,* 21 Cal. 495; 82 Am. Dec. 754; *Ledley* v. *Hays,* 1 Cal. 160; *Estate of Kidder,* 66 Cal. 490.) The evidence must be clear and convincing. (*Jarnatt* v. *Cooper,* 59 Cal. 703; *Bryan* v. *Ramirez,* 8 Cal. 462–468; 68 Am. Dec. 340.) The burden of proving fraud is upon him who alleges it. (*Nathan* v. *Doane,* 55 Cal. 349; *Beatty* v. *Fishel,* 100 Mass. 448; *Bartlett* v. *Blake,* 37 Me. 124; 58 Am. Dec. 775; *Nichols* v. *Patten,* 18 Me. 231; 36 Am. Dec. 713; *Christmas* v. *Spink,* 15 Ohio, 600; *Burch* v. *Smith,* 15 Tex. 219; 65 Am. Dec. 154; *Greer* v. *Caldwell,* 14 Ga. 207; 58 Am. Dec. 553.) If the conduct of the party can be reconciled in any way with fairness and honesty, it should not be considered fraudulent. (*Walker* v. *Carrington,* 74 Ill. 446; *Mey* v. *Gulliman,* 105 Ill. 272.) Relationship is no *indicia* of fraud. (Wait's Fraudulent Conveyances, sec. 282; *Shearon* v. *Henderson,* 38 Tex. 246; *Schroder* v. *Walsh,* 120 Ill. 403; *Curry* v. *Lloyd,* 22 Fed. Rep. 258; *Allen* v. *Kirk,* 81 Iowa, 658; 2 Bigelow on Fraud, 19; *Stevens* v. *Breen,* 75 Wis. 595; *Shotwell* v. *McElhinney,* 101 Mo. 677.) The burden was on the defendant to prove that there was no consideration for the indorsement or assignment. It is a dis-

putable presumption that there was a good and sufficient consideration for the written contract. (Code Civ. Proc., sec. 1963, subd. 39.) And unless controverted by other evidence, direct or indirect, the court or jury is bound to find in accordance with the presumption. (Code Civ. Proc., sec. 1961; *Monterey Co.* v. *Cushing*, 83 Cal. 510.)

*Philip Galpin,* `W. E. Zeigler, J. B. Casserly,* and *H. Eickhoff,* for Respondents.

The evidence was conflicting, and under the well-settled rule the judgment should be affirmed.

PATERSON, J.— This is an action to foreclose a chattel mortgage on the furniture of a lodging-house in the city of San Francisco.

On the 19th of May, 1886, Mrs. Laura Brotherton was the owner of the property, and on that day sold it to Helen F. Gleason for the sum of five thousand five hundred dollars, two thousand five hundred dollars of which was paid in cash, and the balance in three promissory notes for ten hundred dollars each, and payable respectively in two, four and six months after date. On May 19, 1886, the mortgage and notes were transferred to C. K. Goodwin, and on July 3, 1886, he transferred the same to the plaintiff Gray for the consideration of two thousand eight hundred dollars, thirteen hundred dollars of which was paid in cash, and the balance in three notes for five hundred dollars each, payable one year after date. The defendant Helm is an attaching and judgment creditor of Mrs. Brotherton, his attachment having been levied on June 4th, and judgment entered December 6, 1886. Mrs. Brotherton filed her petition of insolvency on January 3, 1887, and on February 7th the defendant Seligman was elected an assignee of her estate.

The court found— the facts being within the issues raised by the answers— that Mrs. Brotherton " did not indorse or deliver the notes hereinabove set forth, or either or any of them, to C. K. Goodwin for a good, valuable or other or any valid consideration, and that the C. K. Goodwin aforesaid did not indorse or

deliver the same to the plaintiff herein for a good, valuable or any valid consideration; . . . . and the indorsement of said notes by her to said Goodwin, and by said Goodwin to said plaintiff, was sham and fraudulent, not made *bona fide,* but made for the purpose of defeating defendant Gleason's cause of action, by reason of her counter-claim set forth in said answer; . . . . said transfer was made by said C. K. Goodwin, and received by said plaintiff for the purpose and with the intent by each of them of thereby hindering, delaying and defrauding defendant, J. H. Helm, and the sundry other creditors of said Laura Brotherton aforesaid, and the transfer last aforesaid was made by the parties thereto collusively, for the purpose of placing the said notes and mortgage beyond the reach of the aforesaid creditors of said Laura Brotherton."

So far as these facts connect the plaintiff with any bad faith or fraudulent purpose in the transaction, they are utterly unsupported by the evidence. There is no circumstance shown in the evidence upon which a suspicion of fraud can be founded, unless it be the fact that the plaintiff is the father of Mrs. Brotherton, and that the latter and Goodwin were visiting the former when the assignment was made to the plaintiff, but the mere fact of relationship cannot be resorted to as a badge of fraud. Fraud must be specifically charged; it cannot be presumed, and the burden of proof is upon him who alleges it. The conduct of the plaintiff was in all respects entirely consistent with fairness and honesty. The evidence shows without contradiction that the plaintiff purchased the notes and mortgage before maturity for a valuable consideration, and that the same were immediately delivered to him. He paid to Goodwin thirteen hundred dollars in coin, and gave him three notes of five hundred dollars each, payable in one year, and no part of this consideration has ever been returned to him. In order to raise the thirteen hundred dollars cash which he paid to Goodwin, he mortgaged his homestead to Mr. Crew, cashier of the bank of Chico. When this mortgage became due the plaintiff was unable to pay it for the reason that Mrs. Gleason had not paid the notes and mortgage which had been assigned to him. Thereupon Goodwin to protect himself, doubtless, paid Mr. Crew the amount of the debt, and took an assignment of the

note and mortgage. We see no evidence of fraud in this. It was a simple business transaction by which Goodwin protected himself in preventing a foreclosure sale of his debtor's property.

The order appealed from is reversed, and the cause is remanded for a new trial.

HARRISON, J., and GAROUTTE, J., concurred.

Hearing in Bank denied.

BEATTY, C. J., dissented from the order denying a hearing in Bank.