PATRICK SHEA v. MICHAEL J. HYNES.[1]

May 29, 1903.

Nos.13,517—(165).

### Fraudulent Conveyance—Father and Son—Burden of Proof.

The burden to prove that a transfer of property from father to son
was fraudulent, and made to hinder, delay, and defraud creditors, is
upon the creditor alleging that fact. No presumption of fraud arises
from the fact of relationship, nor from the fact that the father was
insolvent at the time of the transfer. Such facts are but earmarks or
badges of fraud, casting only a suspicion upon the transaction.

Appeal by plaintiff from an order of the district court for
Dakota county, Williston, J., denying a motion for a new trial.
Affirmed.

*J. W. Pinch*, for appellant.

*Hodgson & Lowell*, for respondent.

BROWN, J.

Action to set aside a transfer of certain real property alleged
to have been made to hinder, delay, and defraud creditors. The
action was dismissed at the trial in the court below, and plaintiff
appealed from an order denying a new trial.

The facts are as follows: On September 8, 1896, one Michael
Hynes was the owner of certain real property situated in the
county of Dakota, which he on that day conveyed to defendant,
his son, for the expressed consideration of $2,000. About two
weeks thereafter he died. His estate was probated, and found to
be insufficient to pay his debts. Subsequently plaintiff, who was

[1] Reported in 95 N. W. 214.

a creditor of the grantor at the time of the transfer, brought this action to set it aside on the ground that it was made for the purpose of hindering, delaying, and defrauding creditors, and was fraudulent and void as to him. On the trial below before the court without a jury, plaintiff offered in support of the allegations of his complaint, and to establish the fact that the conveyance was made to defraud creditors, evidence of the transfer, and the fact that the grantor was insolvent at the time it was made. No evidence was offered to show an intent to defraud creditors; none of the usual earmarks or badges of fraud were shown, other than the relationship of the parties, and the insolvency of the grantor; and no evidence that the son knew of his father's insolvency, or that he did not pay for the land the consideration expressed in the deed, $2,000.

The sole question presented in the briefs of counsel is whether the burden of proof as to the bona fides of the transaction was upon plaintiff or upon defendant. Plaintiff insisted at the trial below, and also in this court, that from the facts shown—the relationship existing between the parties, and the insolvency of the grantor—the presumption of fraud arose, and that it was incumbent upon defendant to overcome and rebut it, to establish the good faith of the transfer, and that he paid a valuable consideration for the land; while defendant insists that the burden to impeach the transfer was upon plaintiff. The authorities on this question are by no means harmonious. By some courts it is held that in all cases where a transfer of property is made by an insolvent person to a member of his family—to his wife, son, daughter, or other near relative—an inference or presumption of a purpose to hinder and defraud creditors arises, which the grantee in the conveyance must overcome by affirmative proof. Merrill v. Locke, 41 N. H. 486; Hubbard v. Allen, 59 Ala. 283. Other courts hold to the rule of general application that fraud is never presumed, and that, even as to transfers between near relatives, except perhaps between husband and wife, a creditor claiming a particular transfer to be fraudulent and void has the burden of proof, and must establish the fraud by a fair preponderance of

the evidence. Gray v. Galpin, 98 Cal. 633, 33 Pac. 725; King v. Russell, 40 Tex. 124.

There is no law which prohibits near relatives from dealing with each other. A father may sell property to his son, or the son to his father. From the mere relationship of the parties, other than husband and wife, and the insolvency of the one making the sale, no sound reason is apparent why a presumption of fraud should arise. The relationship and insolvency naturally awaken a suspicion, and the transaction should be scrutinized by the courts closely; but from these facts alone an intent to defraud should not be presumed. Wait, Fraud. Conv. § 242, and cases cited. If an insolvent husband, through a third person, conveys property to his wife, the presumption arises that the parties intended to put the property beyond the reach of creditors, and the burden is upon the wife to establish the good faith of the transaction, and that she paid a valuable consideration for the transfer. Wait, Fraud. Conv. § 300; Minneapolis Stock-Yards & P. Co. v. Halonen, 56 Minn. 469, 57 N. W. 1135. But this rule has not been generally extended beyond transactions between husband and wife, or applied to transactions between father and son, or brothers and sisters, or other near relatives. Darling v. Ricker, 68 Vt. 471, 35 Atl. 376; Gottlieb v. Thatcher, 151 U. S. 271, 14 Sup. Ct. 319.

The reasons for distinguishing transactions between husband and wife from those between other near relatives are obvious. The financial relation and the community of interest existing between husband and wife are entirely different from those existing between other relatives. While their respective rights and relations, as existing at common law, have been greatly changed and modified by statute, the confidential relation is still preserved and protected. Contracts between them with respect to the sale of real estate are prohibited, and each is charged with knowledge of the contracts and debts of the other. The same is not true as to other near relatives. The decision in the Stock-Yards case, supra, is in accord with the authorities generally, but, as suggested, the rule there laid down is not of general application. The case is, therefore, not in point.

Our conclusions are that the learned trial court correctly ruled

that the burden of proof was upon plaintiff, and that, to justify a recovery in his behalf, it was incumbent upon him to prove by a fair preponderance of the evidence that the transfer complained of was made to hinder and defraud creditors.

The order appealed from is affirmed.