[Civ. No. 1802. First Appellate District.—December 14, 1916.]

## LOCOMOBILE COMPANY OF AMERICA (a Corporation), Appellant, v. FRED BELASCO, Respondent.

CONDITIONAL SALE OF AUTOMOBILE—AMOUNT ALLOWED AS CREDIT ON TURNED-IN CAR—PAROL EVIDENCE INADMISSIBLE.—In an action to recover the possession of an automobile, sold under a written contract, by the terms of which the plaintiff was given the right to retake possession of the car in the event of default in payment, parol evidence is inadmissible of an oral contemporaneous agreement that the defendant was to receive a credit of two hundred dollars more on the old car turned in by him than that expressed in the writing, where there was no evidence that the agreement was made with the intention of deceiving and defrauding the de-

fendant, but made in good faith under the belief that such additional sum could be obtained for the old car on its resale by the plaintiff.

ID.—FRAUD—BURDEN OF PROOF.—The burden of proving fraud is always upon him who relies upon it, and it cannot be presumed.

ID.—FAILURE TO PERFORM ORAL PROMISE—WHEN FRAUDULENT.—The failure to perform an oral promise is only fraudulent when made without any intention of performing it.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Edward P. Shortall, Judge.

The facts are stated in the opinion of the court.

Elliott McAllister, and H. S. Young, for Appellant.

Henry H. Davis, Jos. A. Sanford, and R. W. McKnight, for Respondent.

THE COURT.—This is an appeal from a judgment in favor of the defendant. The action is one in replevin for the return of an automobile sold by the plaintiff to the defendant, the plaintiff's right to replevin the same being based upon the theory that at the time of the commencement of the action the defendant was in default in the payment of the sum of $350 due under the terms of a lease note, or conditional sale agreement, evidencing the transaction, and which agreement provided that in the event of default the plaintiff might retake possession of the car. Defendant contends, on the other hand, that there was only the sum of $150 due, which he also claims to have tendered to the plaintiff prior to the institution of the action.

The court found for the defendant, awarded him possession of the car, and in addition gave him, upon his cross-complaint, $425 damages consequent upon the replevin of the car.

The agreement in express terms provided that the price of the automobile was $2,650, but that the defendant should be allowed thereon the sum of $1,250, the value of a car turned in by the defendant, and should also be credited with such further sum over and above the $1,250 as might be realized by the plaintiff from a resale of the latter car. It is the claim of the defendant, however, supported by an abundance

of evidence and sanctioned by the finding of the trial court, that the defendant signed the contract of purchase with a distinct oral agreement that he was to have a credit on account of the turned-in car of $1,450. He testified, as did others in his behalf—including the salesman who conducted the sale—that the defendant refused to sign the contract unless allowed a credit of at least $1,450 on account of the old car, he having purchased the latter from the plaintiff three months before, and having paid therefor $1,750. These witnesses, or some of them, also testified that the defendant signed the contract upon the representation of the salesman that the parent organization of the plaintiff (of which it was but a subsidiary) insisted that cars of the type of the one in question should be sold for not less than the schedule price of $2,650, and that cars of the model of the one turned in in part payment should be considered as of a value of no more than $1,250. There was also testimony that the manager of the plaintiff approved the oral understanding had with the defendant. It is admitted that the old car was sold by the plaintiff for $1,250, several weeks after the transaction here involved, by a salesman of the plaintiff other than the one with whom defendant dealt. The latter testified, as a witness for the plaintiff, that when he made the promise to the defendant to allow $1,450 on the old car he was positive he could effect a sale of it for that sum; that he knew persons who he was sure were willing to pay that price for such a car.

The question is, Was the court justified in finding that the defendant was entitled to a credit of $1,450, and not $1,250?

The evidence of the oral contemporaneous agreement conflicting, as it does, with the plain terms of the written contract, was inadmissible (*Peterson* v. *Chaix*, 5 Cal. App. 525, [90 Pac. 948]; *Standard Box Co.* v. *Mutual Biscuit Co.*, 10 Cal. App. 746, [103 Pac. 938]; *Balfour* v. *Fresno Canal etc. Co.*, 109 Cal. 221, [41 Pac. 876]; Code Civ. Proc., sec. 1856; Civ. Code, sec. 1640), unless, as is asserted by the defendant, it tended to prove—as alleged in the answer—that the representations made to the defendant by the plaintiff were made for the purpose and with the intent to deceive and defraud him.

The burden of proving fraud is always upon him who relies upon it, and it cannot be presumed (*Gray* v. *Galpin*, 98 Cal. 633, [33 Pac. 725]; *Heller* v. *Dyerville Mfg. Co.*, 116 Cal. 127,

133, [47 Pac. 1016]), and we find no evidence in this record tending to support the finding of the court that the plaintiff deceived and defrauded defendant. The failure of the salesman of plaintiff to carry out his promise, made in good faith, certainly does not constitute fraud. Plaintiff's agent, testifying on behalf of the defendant on this phase of the case, said: "I asked him to sign it as it was, and he refused, and I finally settled it by agreeing absolutely to get him more money for the old car. I was just as sure I could get it as I am that I am sitting in this chair." A failure to perform a parol agreement made in good faith does not constitute fraud. (*Feeney* v. *Howard*, 79 Cal. 525, [12 Am. St. Rep. 162, 4 L. R. A. 826, 21 Pac. 984]; *Langley* v. *Rodriguez*, 122 Cal. 580, [68 Am. St. Rep. 70, 55 Pac. 406]; 20 Cyc. 20–22.) Section 1572 of our Civil Code provides that actual fraud may consist of "a promise made without any intention of performing it." As is stated in *Brison* v. *Brison*, 75 Cal. 525, at page 527, [7 Am. St. Rep. 189, 17 Pac. 689], in reference to a promise made but not performed: "It is to be observed on this ground that the essence of the fraud is the existence of an intent at the time of the promise not to perform. But for such intent there would be no actual fraud; for it is well established that the mere failure to perform a promise is not fraud."

The case of *Lawrence* v. *Gayetty*, 78 Cal. 126, [12 Am. St. Rep. 29, 20 Pac. 382], involved an attack upon two deeds on the ground of fraud, and although the question of the admissibility of parol testimony in reference to a writing is not involved, the definition of fraud is always the same, and is there stated on page 131 (of 78 Cal.): "But the making of a promise with no intention at the time of performing it constitutes a fraud, for which a contract may be rescinded. (Civ. Code, sec. 1572; see, also, Bigelow on Fraud, 483 et seq.) The mere failure to perform the covenant does not relate back to and render the same fraudulent. It is the present intent not to perform it that renders it wrongful."

The judgment is reversed.

A petition for a rehearing of this cause was denied by the district court of appeal on January 13, 1917.