[No. 9534.   Department One.—August 26, 1885.]

WILLIAM COOK, RESPONDENT, v. THE LION FIRE INSURANCE COMPANY, APPELLANT.

FIRE INSURANCE—STATEMENT IN PROOFS OF LOSS—FALSE REPRESENTATIONS BY INSURER.—In an action on a fire insurance policy, the assured is not bound by a statement made by him in his proofs of loss, if he was induced to make such statement by the false representations of an agent of the insurer.

Bill of Sale—When a Mortgage—Pre-existing Debt—Consideration—
Intention.—In determining whether or not a bill of sale, given in consideration
of a pre-existing debt, is a mortgage, the question to be settled is whether the
intention of the parties.was to cancel the debt or to secure its payment; and
this is a question of fact, the determination of which depends upon the negotia-
tions had at the time, and the subsequent acts of the parties.
Id.—Evidence — On a review of the evidence, *held*, that the bill of sale in question
was not intended as a mortgage or pledge.

Appeal from a judgment of the Superior Court of Sacra-
mento County, and from an order refusing a new trial.

The facts are stated in the opinion.

*T. C. Van Ness*, for Appellant. That the bill of sale was
intended as a mere security is shown by all the circumstances
attending the transaction. (Civ. Code, §§ 2888, 2987; Jones
on Chattel Mortgages, §§ 23, 24; *Poindexter* v. *McCannon*, 1
Dev. Eq. 373; *Barnes* v. *Holcomb*, 12 Smedes & M. 306; *Locke*
v. *Palmer*, 26 Ala. 312; *Scott* v. *Henry*, 13 Ark. 112; *Folsom* v.
*Fowler*, 15 Ark. 280; *Desloge* v. *Ranger*, 7 Mo. 327; *Fowler*
v. *Stoneum*, 11 Tex. 478; *Cooper* v. *Brock*, 41 Mich. 488;
*Sewell* v. *Henry*, 9 Ala. 24; *Ross* v. *Ross*, 21 Ala. 322; *Perkins*
v. *Drye*, 3 Dana, 170; *Weathersly* v. *Weathersly*, 40 Miss. 462;
*Gibson* v. *Eller*, 13 Ind. 124; *Clark* v. *Finlon*, 90 Ill. 245;
*Knox* v. *Black*, 1 Marsh. A. K. 298; *Russell* v. *Southard*, 12
How. 139; *Omaha Book Co.* v. *Sutherland*, 10 Neb. 334;
*Hodges* v. *Tenn. M. & F. Ins. Co.* 8 N. Y. 416; *Sears* v. *Dixon*,
33 Cal. 326; *Montgomery* v. *Spect*, 55 Cal. 352.)

*A. P. Catlin*, for Respondent. The plaintiff being induced
to make the statement in his proofs of loss by the misrepresenta-
tions of the adjuster, is not bound by it. (*Bridgewater Iron Co.*
v. *Enterprise Ins. Co.* 16 Rep. 48.)

Foote, C.—This is an action upon a fire insurance policy.
The evidence shows that just before the policy was issued, Cook,
the plaintiff, had a debtor, one Cardwell; that Cardwell wanted
to get some more money from Cook, and offered to sell him a
certain 1,500 cords of wood in payment of the money which had
been, and was about to be procured by him; that as a part of
this negotiation it was understood that Cook was to insure the
wood to be transferred to him by Cardwell, and for that purpose

these two visited one Meredith, who was the agent of the Liverpool, London & Globe Insurance Company, resident at Folsom. Upon stating to this agent the nature of the proposed sale, Cook was advised by him to take a bill of sale from Cardwell of the wood, and further, to take possession of it, as the parties Cook and Cardwell seemed desirous that the transaction should be a sale and not a mortgage. Accordingly, a bill of sale was drawn by the agent, and signed by Cardwell, and a formal delivery of possession was taken by Cook, and the wood remained at the spot where he took such possession, on the bank of the American River, and he was never after that divested of its possession until it was burned. After this bill of sale and delivery of possession took place, and the agent Meredith was by Cook and Cardwell put in possession of a full knowledge of the title of Cook to the wood and all the facts leading up to and surrounding this sale and delivery, he made out an application addressed to the Liverpool, London & Globe Company for an insurance policy on this property in the sum of $4,000, and Cook signed the same. This application set out what was the understanding of the agent, Cook, and Cardwell, at that time, viz., that Cook was the sole owner of the property. It was forwarded to San Francisco, and in due course of mail was received by the Liverpool, London & Globe Company's agent there. The risk was not accepted by that company, but it submitted the application to the Lion Company, without any knowledge of it on the part of Cook, and upon this application, thus submitted, the Lion Company issued its policy to Cook, and it was forwarded through the L. L. & G. Co. to Meredith, the latter company's agent at Folsom; Cook at that time was absent, and Meredith informed Cardwell of the arrival of the policy, and that the premium on it ought to be paid; thereupon Cardwell paid to Meredith for Cook the amount of the premium for the Lion Company, which company received it. This wood was after that time burned, with 500 other cords of wood which Cook had bought from Cardwell and which was piled near that first purchased. An adjuster was sent up to Folsom after the wood was destroyed by fire, to look into the matter. Neither he nor his company at this time seem to have claimed that the policy thus issued to Cook was void. Their claim appears to

have been that he had only a lien upon the wood for the money he had paid Cardwell for it, viz., the sum of $2,290; that he was not the sole owner of the wood, and that his insurable interest amounted in no event to more than the sum above stated. It also appeared that after the insurance policy was issued, Cook took a second bill of sale from Cardwell, including the 1,500 cords of wood first sold and delivered, and the 500 last sold, and that at that time $550 of the $2,290 was paid Cardwell; it also appears in evidence that at the time of the first sale it was agreed in writing between Cook and Cardwell that the former would sell to the latter the 1,500 cords of wood if by a certain date Cardwell paid Cook the sum of $1,800.

The whole contract in writing between Cook and Cardwell comprised in both the bill of sale and the agreement cotemporaneous with it, was a sale with the privilege to repurchase reserved to the vendor. It was simply in effect this, that Cardwell, upon paying to Cook within a certain time, and that but a brief one, a certain sum of money, might repurchase the property, or what is the same thing, divest title from Cook which had by the sale vested in him. (*Haynie* v. *Robertson*, 58 Ala. 40, and cases there cited; *Hickman* v. *Cantrell*, 9 Yerg. 172; *Magee* v. *Catching*, 33 Miss. 673, 693.) It was not a mortgage or a pledge. (Jones on Chattel Mortgages, § 26.) In this case the transaction was based, it is true, upon a previously existing debt, and the question to be settled is whether the intention of the parties was to cancel that debt or secure it, and this again is a question of fact to be determined by the negotiations had at the time and the subsequent acts of the parties. (Jones on Mortgages, § 326.) Here a debt was paid and no claim afterwards made for it. The party purchasing expressly declared that he would not take a mortgage, but must have a sale of the property to himself. A bill of sale was written and signed, and the property was delivered to the vendee by the seller and taken possession of by him, and no acts of ownership have since been exercised by the vendor over it, he having the privilege conceded to him that if he would pay at a certain time a certain price for the property he might purchase it, and that was the full extent of his rights and the title to the wood vested in Cook. (Jones on Mortgages, § 326; *Hooper* v. *Bailey*, 28 Miss. 328.) So that when Cook signed the applica-

tion which was made out by Meredith, and described himself as the sole owner of the wood, he described his title truthfully, and committed no breach of warranty as to the policy issued by the Lion Insurance Company. The plaintiff did nothing, so far as the application was concerned, to forfeit the policy, even conceding that it was an application which the Lion Company might justly consider as made to itself.

But it is said Cook cannot recover from the Lion Company anything more than the amount claimed in the proof of loss, viz., the sum of $2,290. This cannot be so. It sufficiently appears, although on this point the evidence is conflicting, that the insurance adjuster did not deal fairly with Cook in getting him to sign and swear to the proof of loss, and we do not think the latter should be bound by any such statement. When an adjuster faithfully and fairly obtains an affidavit of loss from one claiming against his company, it is to be commended; but when the contrary appears, as in this case, the party thus entrapped should not be bound by it to his prejudice.

The Lion Company was not deceived by Cook in any way; he stated nothing that affects his rights untruthfully to it or its agents, either verbally or in writing. He is shown to have been the sole owner of the property insured, to have suffered the full amount of the loss as such owner, and through no fault of his.

As to the point made that the question asked Meredith "what he knew of the transaction," as between Cook and Cardwell was immaterial, we are of the opinion that it and the evidence he gave in answer thereto were admissible because it was proper that all the negotiations had at the time the bill of sale was made, and also the subsequent acts of the parties in relation thereto, should be considered in determining the question of fact as to whether the intention of the parties was to cancel the debt or secure it. (Jones on Mortgages, § 326.)

One of the main facts to be determined by the court who tried the case, a jury being waived, was whether the bill of sale represented an absolute sale of the wood or was executed for security; this was a question to be decided by that tribunal on a preponderance of evidence as if before a jury. (*Perkins* v. *Eckert*, 55 Cal. 400–404.) The court having determined this question in the affirmative, and a conflict of evidence on

the point appearing to exist, the judgment should not be reversed.

Upon the whole case we are of opinion that the judgment and order denying a new trial should be affirmed.

SEARLS, C., and BELCHER, C. C., concurred.

The COURT. — For the reasons given in the foregoing opinion the judgment and order are affirmed.

Hearing in Bank denied.