[Civ. No. 7765.   First Appellate District, Division Two.—December 16, 1930.]

ADA BROWN, Petitioner, v. THE SUPERIOR COURT OF ALAMEDA COUNTY et al., Respondents.

L. L. Steele for Petitioner.

Earl Warren, District Attorney, Ralph E. Hoyt, Chief Assistant District Attorney, James H. Oakley, Deputy District Attorney, and Pierre A. Fontaine for Respondents.

STURTEVANT, J.—This is an original application for a writ of mandate. It involves the following facts: Heretofore Ada Brown commenced an action in divorce against her husband Jolly C. Brown. In her complaint she asked for maintenance. Thereafter the trial court duly made an order for a payment of attorney fees, costs of suit and "$60 per month for support of plaintiff, payable as follows, to-wit: Upon the 11th and 27th days of each month commencing December 11, 1929, and to continue until the further order of court." Thereafter, December 17, 1929, the default of the defendant was entered. On January 6, 1930, the action was tried, and an interlocutory decree of divorce was rendered. That decree contained a passage as follows: "It is further hereby ordered that the order of court made herein on or about the 6th day of December, 1929, wherein the above defendant, Jolly C. Brown, was ordered and directed to pay to plaintiff herein the sum of $60 per month as and for the support and maintenance of plaintiff, to-wit: the sum of $30 upon the 11th day of the month, and a like sum upon the 27th day of each month, continue in full force and effect until the further order of this court." On the sixth day of October, 1930, the plaintiff filed an affidavit and applied for an execution to issue against the defendant for the sum of $515 alleged to be due and unpaid pursuant to the orders theretofore made by the court. On October 16, 1930, the court denied the application and expressed its denial as follows: "Orders that plaintiff's application for an execution to issue be denied, and the plaintiff's application for a citation to issue for contempt, be denied, and that each of said applications are denied on the ground that the interlocutory judgment and decree of divorce January 6, 1930, volume 174

at page 479, makes no provision for the support and maintenance of said plaintiff.'' Now at this time the plaintiff asks this court to direct the trial court to hear and determine her application on the merits. The respondent opposes the granting of the writ and contends that the language used in the interlocutory decree is void for uncertainty and that the same may not now be amended because the time within which an amendment may be made has expired.

As we view the matter, no amendment is necessary. ▉ It is perfectly clear that the interlocutory decree does not purport to rest on the provisions of section 137 of the Civil Code. The order made December 6, 1929, rested on said section. The interlocutory decree thereafter rendered rested on the provisions of section 139 of the Civil Code. The respondent claims that the fact last stated does not appear from the language used in the interlocutory decree. We think it does. However, it is not absolutely necessary that it should so appear. ▉ In the case of *Watson* v. *Lawson,* 166 Cal. 235, at page 241 [135 Pac. 961, 963], the court said: '' 'In case of doubt regarding the signification of a judgment, or any part thereof, the whole record may be examined for the purpose of removing the doubt.' (1 Freeman on Judgments, sec. 45.) 'When it admits of two constructions, that one will be adopted that is consonant with the judgment that should have been rendered on the facts and the law of the case.' (1 Black on Judgments, secs. 3, 123; *Peniston* v. *Somers,* 15 La. Ann. 680.)'' In the case of *Pacific Pav. Co.* v. *Vizelich,* 1 Cal. App. 281 [82 Pac. 82], the language of the judgment contained the expression ''for the sum of $107.02 being the amount of principal and interest due on assessment against the lot in the complaint set forth, together with the further sum of $15 attorney fees of plaintiff herein and $14.80 costs in this action''. Considering a similar contention at page 282 the court said: ''We think the court was authorized to enter the judgment 'according to the prayer of the complaint' in accordance with the stipulation . . . of the parties.'' In 1 Freeman on Judgments, fifth edition, section 77, page 134, the author states: ''If the entry of a judgment is so obscure as not to express the final determination with sufficient accuracy, reference may be had to the pleadings and to the entire record. If, with the light thrown

upon it by them, its obscurity is dispelled, and its intended significance made apparent, it will be upheld and carried into effect. In case of doubt regarding the signification of a judgment, or any part thereof, the whole record may be examined for the purpose of removing the doubt. One part of the judgment may be modified or explained by another part; and uncertainties in the judgment may become certain under the light cast upon them by the pleadings or other parts of the records.'' ▮ In the light of the foregoing rules it is perfectly clear that the trial court, by the interlocutory decree, did not overlap the terms of the order for maintenance *pendente lite,* but did order that the same relief be continued until the further order of the court. It is not claimed that any further order of court was made which purported to terminate the interlocutory decree either in whole or in part.

Let the writ issue as prayed for.

Nourse, P. J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 15, 1931, and a petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 9, 1931.