[Civ. No. 19575.   First Dist., Div. Two.   June 2, 1961.]

WILLIAM C. HELFRICH, Appellant, v. ROBERT D. KERLEY et al., Respondents.

Carl B. Noecker and Douglas G. Cowan for Appellant.

Roscoe D. Jones, Jr., for Respondents.

DRAPER, J.—Demurrer to plaintiff's second amended complaint was sustained without leave to amend. Judgment of dismissal followed. Plaintiff appeals from the judgment and also from the order sustaining the demurrer. The order is not appealable (*Lavine* v. *Jessup*, 48 Cal.2d 611, 614 [311 P.2d 8]). The appeal from the judgment, however, properly raises the question of the sufficiency of the complaint.

Plaintiff, individually and as assignee of two named associates, seeks to recover an undivided one-third interest in a tract of land purchased, at a probate sale, by defendant Kerley in the name of defendant corporation, which is alleged to be Kerley's *alter ego*. Disregarding the considerable volume of extraneous matter, the complaint alleges that: Plaintiff and his associates had agreed to bid for the land. Kerley told them that he had bid $152,000 for the same land. He wanted two-thirds of the tract for a cattle ranch. Plaintiff's group wanted one-third for development as a subdivision and golf course. The parties then agreed that they would jointly seek to purchase the land. Kerley, having already made a written bid, would continue as the bidder, and was authorized to bid up to $200,000. Plaintiff's group was to pay one-third of the purchase price and of the expenses of the purchase. Kerley, if successful in acquiring the land, agreed to convey an undivided one-third interest to plaintiff's group. In the 26 days intervening between this agreement and the probate sale, Kerley several times renewed his promise. In reliance thereon, plaintiff did not bid. Kerley, acting through his alleged *alter ego* corporation, was the successful bidder and acquired the land. Over a period of three months, Kerley parried plaintiff's oral demands for performance by asserting that the costs incidental to acquisition of the land had not yet been determined. On January 9, 1959, plaintiff and associates offered in writing to pay their share of the purchase price and costs, and demanded deed of an undivided one-third interest. Kerley refused to perform. Kerley never intended to perform his promises, and plaintiff and associates, in reliance upon these representations, failed to bid at the probate sale.

The agreement of the parties was oral. Thus enforcement of Kerley's obligation to convey, if based solely upon his oral agreement, is barred by the statute of frauds (see *Mazzera* v. *Wolf*, 30 Cal.2d 531 [183 P.2d 649]; Civ. Code, § 1624, subd. 4). But if he took title as a constructive trustee, his obligation arises as a matter of law, and its enforcement is not barred (*Stromerson* v. *Averill*, 22 Cal.2d 808, 815 [141 P.2d 732]).

In this state, the decisions imposing a constructive trust have been limited to cases of constructive fraud, wherein defendant acquires property, to which he is not justly entitled, through violation of some fiduciary or confidential relationship (*South* v. *Wishard*, 146 Cal.App.2d 276 [303 P.2d 805]; *Stromerson* v. *Averill, supra; Walter H. Leimert Co.* v. *Woodson*, 125 Cal.App.2d 186 [270 P.2d 95]; *Edwards* v. *Edwards*, 90 Cal.App.2d 33 [202 P.2d 589]). Here the only allegation even remotely suggesting a confidential relationship is that plaintiff "has known . . . Kerley for approximately thirty years as a friend and neighbor." This falls far short of establishing the required relationship (*Ampuero* v. *Luce*, 68 Cal.App.2d 811 [157 P.2d 899]).

Under the rule promulgated in the Restatement of the Law of Restitution (§ 194(2) and comment d and e thereto), plaintiff would allege a constructive trust merely by alleging that Kerley agreed to purchase the land for the parties jointly but in fact purchased it with his own money for himself individually. California, however, has not adopted that rule of the Restatement (*Neet* v. *Holmes*, 25 Cal.2d 447, 464 [154 P.2d 854]).

Our Supreme Court, however, has stated that actual fraud, as well as the constructive fraud which arises from abuse of a fiduciary relationship, constitutes an exception to the general California rule that no constructive trust is imposed upon one who orally agrees to buy land for another and then purchases it with his own money for himself (*Mazzera* v. *Wolf, supra*, 30 Cal.2d 531, 535). Other cases, in determining that a constructive trust has not been shown, have emphasized the lack of pleading or proof of actual fraud (*Elliott* v. *Wood*, 95 Cal.App.2d 314, 317 [212 P.2d 906]; *Bradley* v. *Duty*, 73 Cal.App.2d 522, 525-526 [166 P.2d 914]; *Ampuero* v. *Luce, supra*, 68 Cal.App.2d 811, 816). One decision (*Walter H. Leimert Co.* v. *Woodson, supra*, 125 Cal.App.2d 186, 190), although finding that a fiduciary relationship is pleaded, also stresses the alternative ground that actual fraud is alleged

in the charge that defendant's promise to purchase for plaintiff was made without any intention to perform.

We conclude that the allegation of actual fraud which induced plaintiff and his associates not to bid, and permitted Kerley to bid without competition, is sufficient to permit imposition of a constructive trust. Since the corporation is alleged to be but the *alter ego* of Kerley, the trust can be enforced against it. Thus a cause of action is stated.

The demurrer also asserted misjoinder of parties. As to Mrs. Kerley, there is no misjoinder, since it is alleged that her husband acted throughout as her agent. As to defendant Spect, there is no allegation which would show him to be a proper party. However, his misjoinder is no ground for denying leave to amend.

The complaint is uncertain. There is much language as to what was done by Kerley individually and what was done by him as president of defendant corporation. Since the corporation, as a separate entity, is not alleged to be a party to the fraud, these allegations are surplusage. The only ground of recovery against the corporation is that it was the *alter ego* of Kerley, and was used by him to effectuate the alleged fraud.

However, these defects are of form only, and are raised by special demurrer. They do not warrant denial of leave to amend (2 Witkin, California Procedure, p. 1496). Such leave should be granted, but we strongly suggest that plaintiff avail himself of this opportunity by eliminating, rather than adding, allegations. We have reviewed here those assertions which constitute a cause of action. Extraneous matter, constituting a substantial part of the present pleading, should be omitted in the newly amended complaint.

Appeal from order sustaining demurrer dismissed. Judgment reversed, with directions to overrule the general demurrer, sustain the special demurrers, and grant plaintiff a reasonable time to amend.

Kaufman, P. J., and Shoemaker, J., concurred.

A petition for a rehearing was denied June 30, 1961, and respondents' petition for a hearing by the Supreme Court was denied July 26, 1961.