[Civ. No. 32083. Second Dist., Div. One. May 16, 1968.]

ANNE MAE ARCHULETA et al., Plaintiffs and Appellants, v. GRAND LODGE OF THE INTERNATIONAL AS-SOCIATION OF MACHINISTS AND AEROSPACE WORKERS, AFL-CIO et al., Defendants and Respond-ents.

Anne Mae Archuleta, Marguerite West Dobson, Joe L. Wise and Alfred Green, in pro. per., for Plaintiffs and Appellants.

Rose, Klein & Marias and Alfred M. Klein for Defendants and Respondents.

FOURT, J.—Plaintiffs, appearing in propria persona, appeal[1] from an order dismissing their action against respondents after the court sustained respondents' general and special demurrers to the second amended complaint without leave to amend.

Plaintiffs' pleadings are difficult to interpret within the established legal framework, and their brief fails to enlighten us as to the nature of the action they have attempted to plead, the material facts, the relief sought, or the assignments of error with respect to the court's action. (Rules 13 and 15, California Rules of Court.) As a general rule, it is incumbent upon appellants under these circumstances to establish that they have averred the ultimate facts required to constitute each element of a specific cause of action (*Helfrich v. Kerley*, 192 Cal.App.2d 726, 729 [13 Cal.Rptr. 753]; *M. G. Chamberlain & Co. v. Simpson*, 173 Cal.App.2d 263 [343 P.2d 438]), or to demonstrate how and in what manner they could amend their complaint so to do. (*Starbird v. Lane*, 203 Cal. App.2d 247, 262 [21 Cal.Rptr. 280].) Failing in this, appellants are not entitled to reversal, but under our liberal construction of their brief we have carefully considered their pleadings in the light of the whole record. Plaintiffs' contentions in requesting a review of the trial court's action, as we understand them, are: (1) that the trial court abused its discretion in failing to interpret plaintiffs' complaint in light of allegedly controlling principles of federal law as embodied in *Zdanok v. Glidden Co.* (288 F.2d 99 [90 A.L.R.2d 965]), and (2) that by refusing to provide court-appointed counsel to assist plaintiffs in the presentation of their case, the court deprived them of due process. We find these contentions without merit, and we further conclude that the trial court committed no abuse of discretion since the complaint is not susceptible of a construction which might reasonably entitle plaintiffs to obtain the relief therein prayed for from these respondents.

We direct our attention first to the question as to whether the trial court properly sustained respondents' gen-

[1]Plaintiffs have entitled their brief a "Petition for Writ of Mandate" to command the superior court to vacate its order of November 22, 1966. The court on that date, by minute order, sustained respondents' demurrer "on all grounds stated therein, without leave to amend" and signed and filed an order of dismissal as to respondents. Since the appropriate method to obtain a review of the trial court's action would be by appeal, respondents and this court have approached the matters set forth in the petition as an appeal,

eral demurrer without leave to amend in respect to the second amended complaint, which is the only pleading in issue before this court. (*Rolley, Inc.* v. *Merle Norman Cosmetics, Inc.*, 129 Cal.App.2d 844, 852 [278 P.2d 63, 282 P.2d 991].) In so doing, however, we resort to the entire record on appeal which includes all pleadings properly filed in the present case and certain items from the court's files pertaining to a related prior proceeding[2] of which we are entitled to take judicial notice. (*Flores* v. *Arroyo*, 56 Cal.2d 492, 496 [15 Cal.Rptr. 87, 364 P.2d 263].)

The second amended complaint, which is lengthy and involved, pleads much evidentiary matter and many conclusions, has its roots in the complaint prepared and filed by an attorney who appeared on behalf of two of the plaintiffs named herein in prior proceeding No. 849,481.[3] Each suit has purported to be a class action instituted by plaintiffs, as former employees of Douglas Aircraft Company, Inc. (now known as McDonnell Douglas Corporation, hereinafter sometimes referred to as Douglas) on behalf of themselves and others whose positions were similarly terminated. The same material facts and general conduct herein alleged were earlier asserted against respondents, their union officials and general counsel, in case No 849,481 which apparently ended when general demurrers were sustained to the ''Second Amended Complaint for Breach of Contract and for Nonfeasance, Malfeasance and Fraud.''

A careful reading of the ''Second Amended Complaint for Fraud and Malfeasance'' in the subject action fails to dis-

---

[2]Plaintiffs attempted to file, without leave or permission of the court, a third amended complaint after the order of dismissal was entered herein. Upon respondents' Request and Motion for Correction of the Clerk's Transcript on Appeal, the trial court ordered that pleading deleted and excluded from the record. At the same time, the court ordered the record augmented to include requested documents from the file of case No. 849,481 which were appropriately called to the trial court's attention in respondents' demurrers and considered in connection with the court's determination thereon, and which may properly be considered relative to the issues presented on this appeal. (*Colvig* v. *RKO General, Inc.*, 232 Cal.App.2d 56, 63-64 [42 Cal.Rptr. 473].)

[3]Indeed, we are told and it is uncontradicted, that some or all of the principal plaintiffs appearing herein were parties plaintiff in two earlier actions based upon similar facts. Case No. 832,800 against Douglas Aircraft Company, Inc. filed on February 3, 1964, and Case No. 849,481 against respondents, their union officials and general counsel filed November 19, 1964, both culminated in the sustaining of general demurrers. Plaintiffs claim that the present action differs from the others because it presents as the central issue respondents' violation of federal substantive law. (*Zdanok* v. *Glidden Co., supra*, 288 F.2d 99 [90 A.L.R.2d 965].)

close the precise nature of the cause of action which plaintiffs have attempted to set forth. No useful purpose will be served by setting forth the allegations of the complaint at length, but viewed as a whole in the light most favorable to plaintiffs, we deduce that it constitutes an attack on an arbitration award which long ago became final. This award plaintiffs apparently seek to invalidate on the basis either of intrinsic fraud or of legal error; alternatively they may seek recompense from their union for failing to so proceed.

In this regard, plaintiffs instituted the present action to litigate the rights of those Douglas employees whose positions were terminated when Douglas closed its El Segundo plant and transferred assembly work on the Navy A4D aircraft to its Long Beach plant. The second amended complaint named as defendants Douglas, which apparently never was personally served and which did not voluntarily appear, and the International Association of Machinists & Aerospace Workers, AFL-CIO, which was served and did appear by its District Lodge No. 720 and one of its constituent Local Lodges No. 720A (hereinafter sometimes referred to as respondents, or collectively as the union). Insofar as the complaint seeks injunctive relief to prevent Douglas' harassment of plaintiffs and requests a judgment compelling that company to rehire plaintiffs, it is obviously not applicable to these respondents. We therefore consider merely whether plaintiffs have stated an action to set aside the arbitration award or to obtain money damages against the union to compensate them for the loss of their employment and fringe benefits. These issues we are compelled to resolve in the negative.

Appellants in their complaint allege, among other things, that all were employees at the Douglas El Segundo plant; that all were engaged in production, maintenance, office or technical positions; and that all were either union members or entitled to have their grievances processed by respondents. The union was the duly certified and recognized collective bargaining agent for plaintiffs when, in February 1962, Douglas transferred the entire Navy A4D aircraft production facility from El Segundo to their Long Beach plant and many employees, including plaintiffs, were discharged. At that time, plaintiffs were subject to a union-Douglas collective bargaining agreement which became effective June 27, 1960, and expired June 26, 1962. At the Long Beach facility a different union, the United Automobile Workers, was the collective bar-

gaining representative and the employees there worked under a separate labor-management agreement in which plaintiffs were not participants. Plaintiffs were not transferred to the Long Beach plant along with the production, and their positions are now occupied by other employees at the Long Beach plant.

Plaintiffs allege further that the union filed and duly processed to arbitration a grievance against Douglas, asserting therein that the transfer of the A4D assembly operation from El Segundo to Long Beach violated the El Segundo Division collective bargaining agreement. A. H. Gudie, who had determined grievances under prior collective bargaining agreements at the El Segundo Division, was designated as an impartial arbitrator selected and agreed upon by both union and company officials to arbitrate the dispute. It is not disputed that after a full arbitration hearing, with attorneys representing both parties and submitting briefs, the arbitrator held that Douglas had not violated the labor agreement or the employees' rights thereunder by the transfer of the Navy A4D work. The arbitration award was entered on September 16, 1963, and it is uncontroverted that it was duly and promptly served upon the union, as plaintiffs' representative.

On September 13, 1966, plaintiffs filed the present action, apparently the third in a series, seeking compensation for their loss of employment and fringe benefits on the theory that Douglas controlled and colluded with respondents; that Douglas exercised undue influence over union officials; that Douglas in this manner obtained a favorable arbitration decision; that the arbitration award obtained by collusion and intrinsic fraud was in error, is invalid, and should be set aside; that plaintiffs' grievance was not properly subject to arbitration; and that plaintiffs should be entitled to litigate the alleged conspiracy between Douglas and respondents to defraud them of their rights.

Insofar as the complaint applies to respondents, it may be construed either as a motion to vacate and set aside the arbitration award for error or intrinsic fraud, or an action in fraud against the union, possibly for failure to take action to have the award set aside. In either event it constitutes, in essence, a tardy and improper attack on the award and all participating in the arbitration proceedings. ■ If we construe the complaint as a petition to vacate the award, we are confronted with the rule that any petition to vacate an award,

which may be instituted only by a party to the proceeding (Code Civ. Proc., § 1285), must be served and filed "not later than 100 days after the date of the service of a signed copy of the award on the petitioner." (Code Civ. Proc., § 1288.)
█ This action, commenced by union members approximately three years thereafter, fails to meet the statutory requirements in every respect. (See Code Civ. Proc., § 1285.4.) █ Although plaintiffs allege that their dispute was not properly covered by arbitration, where there has been an arbitration award and decision under the labor contract grievance and arbitration procedure, as in the present case, fully adjudicating the dispute, that decision is final and binding on the parties and employees involved and precludes further litigation of the controversy on its merits. (*Cortez* v. *California Motor Express Co.*, 226 Cal.App.2d 257, 262 [38 Cal.Rptr. 29].) █ The merits of the controversy, the form and sufficiency of the evidence to support an award of an arbitrator, and the credibility and good faith of the parties, in the absence of corruption, fraud or undue means in obtaining the award, are not matters for judicial review. (*Steelworkers* v. *American Mfg. Co.*, 363 U.S. 564 [4 L.Ed.2d 1403, 80 S.Ct. 1343].) █ In any event, plaintiffs, who allege principally conclusions, rather than the essential ultimate facts in their charges of fraud or undue influence, are presently foreclosed from further litigating the propriety of the award.

Insofar as plaintiffs attempt to allege a cause of action for fraud against the union for its conduct in obtaining the award or in failing to set it aside, their complaint is defective because it fails to allege sufficient facts to constitute each element of fraud, which will never be presumed and must be specifically pleaded. (*Scafidi* v. *Western Loan & Bldg. Co.*, 72 Cal.App.2d 550, 558 [165 P.2d 260]; *Mason* v. *Drug, Inc.*, 31 Cal.App.2d 697, 702 [88 P.2d 929].) █ Plaintiffs must allege the following elements to constitute an action for fraud: (1) respondents' representation, (2) the falsity thereof, (3) respondents' knowledge of its falsity, (4) respondents' intent to deceive, and (5) plaintiffs' reasonable reliance thereon and resulting damage. (*Lesperance* v. *North American Aviation, Inc.*, 217 Cal.App.2d 336, 345 [31 Cal. Rptr. 873]; *Barron Estate Co.* v. *Woodruff Co.*, 163 Cal. 561 [126 P. 351, 42 L.R.A. N.S. 125].) "Fraud is never presumed. 'So . . . , if the plaintiff would charge the defendant corporation with making fraudulent misrepresentations it was necessary for him to allege the name of the person who spoke, his

authority to speak, to whom he spoke, what he said or wrote, and when it was said or written. But the amended complaint is wholly wanting in such allegations. Therefore it did not state facts sufficient to charge the corporate defendants.' [Citation.]'' (*Gautier* v. *General Tele. Co.,* 234 Cal.App.2d 302, 308 [44 Cal.Rptr. 404].) The second amended complaint contains no allegations charging the union with false representations, non-disclosure of information which it had a duty to disclose, knowledge of the falsity thereof, the requisite intent to deceive, or plaintiffs' reliance upon the union's representations. Nor do we perceive, from the pleadings and history of the matter before this court, how plaintiffs' complaint might be amended to state a cause of action for fraud against the union or its subsidiaries.

Ultimately we consider plaintiffs' contentions as presented in their brief on appeal. Plaintiffs first contend that they were entitled to relief under the decision in *Zdanok* v. *Glidden Co.* (288 F.2d 99 [90 A.L.R.2d 965], cert. granted 370 U.S. 530 [8 L.Ed.2d 671, 82 S.Ct. 1459]) which was an action brought by employees against their former employer for damages for alleged breach of a collective bargaining contract with the union, in a controversy which the New York courts had held not arbitrable under that specific contract. When the employer completely shut down one plant and moved production to a plant in a different city, plaintiff employees successfully contended, as third party beneficiaries of the union-company labor contract, that they were entitled to jobs at the new plant with their acquired seniority. The court held that under their particular collective bargaining agreement, they were entitled to obtain these benefits from the company. The *Zdanok* decision, therefore, even if controlling in a California dispute, fails to support a cause of action by employees, whose grievance was subject to and settled by arbitration, against their union because their employer, under a different union-management contract, transferred production from one facility to another existing and established plant where another union already operated under a separate collective bargaining agreement.

Finally, plaintiffs erroneously contend that they were entitled to have court-appointed counsel which was denied them. However, insofar as the record discloses they at no time made a showing that they, or any of them, were indigent and unable to afford private counsel, nor did they petition the court to

appoint counsel to represent them. ■ Thus far, there is no precedent requiring that court-appointed counsel be provided to represent civil plaintiffs, but only defendants in criminal prosecutions who are unable to afford private counsel. (See *Gideon* v. *Wainwright,* 372 U.S. 335 [9 L.Ed.2d 799, 83 S.Ct. 792, 93 A.L.R.2d 733]; *Powell* v. *Alabama,* 287 U.S. 45, 68-69 [77 L.Ed. 158, 170-171, 53 S.Ct. 55, 84 A.L.R. 527]; *Miranda* v. *Arizona,* 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974]; *Mempa* v. *Rhay,* 389 U.S. 128 [19 L.Ed.2d 336, 88 S.Ct. 254].) Appellants offer no contrary authority in support of their unique position.

■ In conclusion, the trial court had before it what constituted, essentially, a sixth attempt by plaintiffs to allege a good cause of action against respondents for the same allegedly improper conduct. ■ Where plaintiffs fail to allege a cause of action after numerous, successive attempts and without overcoming the same grounds for demurrer, the natural, probable and reasonable inference is that they are, under the circumstances, incapable of amending the pleadings to allege a good cause of action. (*Johnson* v. *Ehrgott,* 1 Cal.2d 136, 138 [34 P.2d 144]; *Consolidated Concessions Co.* v. *McConnell,* 40 Cal.App 443, 446 [180 P. 842]; *Potter* v. *Richards,* 132 Cal. App.2d 380 [282 P.2d 113]; *Taliaferro* v. *Wampler,* 127 Cal.App.2d 306 [273 P.2d 829].)

"Although the deficiencies in plaintiff's complaints were raised in defendant's demurrers, after three attempts he has not overcome them. The trial court could reasonably conclude that he was unable to do so, and accordingly, it did not abuse its discretion in sustaining the demurrer to the third amended complaint without leave to amend." (*Ruinello* v. *Murray,* 36 Cal.2d 687, 690 [227 P.2d 251].)

The judgment of dismissal as to respondents is affirmed.

Wood, P. J., and Lillie, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied July 31, 1968.